# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT FLORIDA
# TAMPA DIVISION

**LYNN HAYDEN,**
**an individual,**

      **Plaintiff**

**vs.**                               **CASE NO.:**

**SUNTRUST BANK,**
**a foreign for-profit corporation,**

      **Defendant.**

_____/

## NOTICE OF REMOVAL

Defendant SunTrust Bank (hereinafter "SunTrust") gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this action is hereby removed from the State Court of Pinellas County, State of Florida, to the United States District Court for the Middle District of Florida, Tampa Division. As grounds for this removal, SunTrust represents:

1.      On November 8, 2017, Plaintiff commenced an action against SunTrust in the State Court of Pinellas County, State of Florida, styled *Lynn Hayden v. SunTrust Bank*" pending as case no. 17-008976-CO (the "State Court Action").   The Complaint and Summons in the State Court Action (as well as the docket) are attached to this Notice of Removal as "Exhibit A."

2.      On November 17, 2017, SunTrust was served with a copy of the Complaint and Summons in the State Court Action.  *See* Exhibit A.

3.      Prior to filing this Notice of Removal, SunTrust made no answer or pleading in the State Court Action.  This Notice of Removal is filed in the United States District Court for the Middle District of Florida, Tampa Division, within thirty days of the initial pleading setting

forth the claim for relief upon which the State Court Action was based.  This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).  The State Court of Pinellas County, Florida, is within this Court's district and division; therefore, the State Court Action is properly removable to this Court under 28 U.S.C. § 1441(a).

4.      Plaintiff's Complaint alleges a cause of action under the Telephone Consumer Protection Act (the "TCPA"), and particularly 47 U.S.C. § 227(b)(1)(A). Removal of Plaintiff's claim under the TCPA to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  *See Mims v. Arrow Fin. Servs.*, LLC, 132 S.Ct. 740, *753 (stating federal courts have federal question jurisdiction over claims that arise under the TCPA).  The Court has supplemental jurisdiction over Plaintiff's Florida Consumer Collection Practices Act ("FCCPA") because the FCCPA claims are so related to the TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.  *See* 28 U.S.C. § 1367(a).

5.      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal has or will timely be filed with the State Court of Pinellas County, Florida, and a written notice of this removal has or will be served on Plaintiff.

6.      If any questions arise as to the propriety of the removal of this action, SunTrust requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.  SunTrust reserve all defenses, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of this Notice of Removal.

7.      In addition to the Docket, Complaint, and Summons, attached are copies of all additional documents filed in the State Court of Pinellas County, Florida:

Exhibit B — Civil Cover Sheet;

Exhibit C — Plaintiff's First Request for Admissions Directed to Defendant, SunTrust Bank.

Exhibit D — Plaintiff's First Request for Production of Documents Directed to Defendant, SunTrust Bank.

Exhibit E — Plaintiff's Notice of Service of First Set of Interrogatories to Defendant, SunTrust Bank.

WHEREFORE, SunTrust respectfully requests that the State Court Action be removed to this Court.

Respectfully submitted on this 5th day of December, 2017.

Respectfully submitted,

*/s/Alexandra de Alejo*
Alexandra de Alejo, Esq.
Florida Bar No. 86151
Alexandra.dealejo@gray- robinson.com
GRAY ROBINSON, P.A.
333 SE 2nd Ave.
Suite 3200
Miami, Florida 33131
(305) 416-6880/(305) 413-6887 (fax)

And

Christian Leger
Florida Bar No. 100562
Christian.Leger@gray-robinson.com
GRAYROBINSON, P.A.
301 E. Pine St., Suite 1400
Orlando, FL 32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690
*Attorneys for SunTrust Bank*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of December, 2017, I electronically filed the

foregoing document with the Clerk of the Courts by CM/ECF.  I also certify that the foregoing

document is being served this date on the following counsel of record in the manner specified,

either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive electronically

Notices of Electronic Filing:

Sean E. McEleney, Esq.
Ian R. Leavengood, Esq.
Gregory H. Lercher, Esq
LEAVENLAW
3900 First Street
Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
smceleney@leavenlaw.com
consumerservice@leavenlaw.com
glercher@leavenlaw.com
Attorneys for Plaintiff

       /s/ Alexandra de Alejo, Esq.
       Attorney

# IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
### CIVIL DIVISION

LYNN HAYDEN,
an individual,

        Plaintiff,

v.

SUNTRUST BANK,
a foreign for-profit corporation,

        Defendant.

_____/

Case No.:

11/7/12    100 SA

MCN. No. 111
is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

## SUMMONS

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint and attachments in this lawsuit upon the below-named Defendant:

SunTrust Bank
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court located at:

315 Court Street, Clearwater, FL 33756

    A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.

    **If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.** There are other legal requirements; therefore you may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or hand deliver a carbon copy or photocopy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

1

## EXHIBIT "A"

Ian R. Leavengood, Esq.
Gregory H. Lercher, Esq.
Sean E. McEleney, Esq.
**LEAVENLAW**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
(727) 327-3328

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en:

315 Court Street, Clearwater, FL 33756

Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:

Ian R. Leavengood, Esq.
Gregory H. Lercher, Esq.
Sean E. McEleney, Esq.
**LEAVENLAW**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
(727) 327-3328

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud.**

2

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte cijointe aupres de ce tribunal. Qui se trouve a:

315 Court Street, Clearwater, FL 33756

Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation.

**Ian R. Leavengood, Esq.**
**Gregory H. Lercher, Esq.**
**Sean E. McEleney, Esq.**
**LEAVENLAW**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
(727) 327-3328

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande.**

DATED on _____NOV 08 2017_____

Clerk of Circuit Court

By: _____Kimberly Korach_____
Deputy Clerk
KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

3

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LYNN HAYDEN,
an individual

Case No.: 17-008976-CO

        Plaintiff,

v.

SUNTRUST BANK,
a foreign for-profit corporation,

        Defendant.

_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, LYNN HAYDEN (hereinafter, Plaintiff") by and through the undersigned counsel, and hereby sues Defendant, SUNTRUST BANK, (hereinafter, "Defendant"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), wherein Defendant attempts to collect a consumer debt from Plaintiff by directly communicating with Plaintiff after receiving notice and possessing knowledge of the undersigned counsel's legal representation of Plaintiff with respect to the consumer debt and after possessing the undersigned counsel's contact information.

2.    Additionally, this is an action for Defendant's calls made to Plaintiff's cellular telephone using an automatic telephone dialing system, a predictive telephone dialing system, or

1

an artificial or pre-recorded voice, despite Defendant lacking Plaintiff's consent to make such calls to her cellular telephone.

### JURISDICTION, VENUE & PARTIES

3.  This is an action for damages that exceeds $5,000 and is less than $15,000, exclusive of attorneys' fees and costs.

4.  Jurisdiction and venue for the purposes of this action are conferred by Florida Statutes, Section 559.77, and 47 United States Code, Section 227(b)(3).

5.  At all material times herein, the conduct of Defendant, complained of below, occurs in Pinellas County, Florida.

6.  At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

7.  At all material times herein, Defendant is a foreign for-profit corporation existing under the laws of the state of Georgia with its principal place of business located at 303 Peachtree Street NE Suite 3600, Atlanta, GA 30308.

### FCCPA STATUTORY STRUCTURE

8.  The FCCPA is a state consumer protection statute, modeled after the Federal Fair Debt Collection Practices Act, a statute designed to prohibit unfair, deceptive, and abusive practices in collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., § 1692(a) and (e); Fla. Stat., §§ 559.55 and 559.77(5).

9.  The FCCPA imposes civil liability on a creditor that "offers or extends credit creating a debt or to whom a debt is owed . . ." and prohibits any person from engaging in particular conduct in connection with collecting consumer debts. Florida Statutes, Section 559.55(5).

10. Specifically, the FCCPA prohibits unlawful debt collection "communications" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*" (emphasis added). Fla. Stat., § 559.55(2).

11. For example, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor, and also prohibits a person from claiming, attempting, or threatening to enforce a consumer debt "when such person knows that the debt is not legitimate" or by asserting a legal right that does not exist. *See* Fla. Stat., §§ 559.72(7) and 559.72(9).

## TCPA STATUTORY STRUCTURE

12. Congress enacted the TCPA in effort to restrict pervasive use of automated or prerecorded telephone calls that invade consumers' privacy. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1), (5), and (12).

13. Congress found that automated or prerecorded calls "can be an intrusive invasion of privacy..." and it intended to prevent automated or pre-recorded telephone calls as "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* at (5) and (12).

14. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

15.     Additionally, under the TCPA, the court may increase the damage award up to three (3) times, or up to $1,500.00, for each willful or knowing violation of the TCPA. *Id* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

16.     At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

17.     Defendant itself and through its subsidiaries regularly extends and services credit cards to consumers in Pinellas County, Florida.

18.     At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

19.     At all material times herein, Defendant attempts to collect a debt, specifically a balance on a consumer credit card, referenced by account number ending in -3029 (hereinafter, the "Debt").

20.     At all material times herein, the Debt is a consumer debt, a result of a transaction for goods or services, incurred primarily for personal, household, or family use.

21.     At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. § 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

22.     At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2), which is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

4

23.     Specifically, at all material times herein, Defendant mailed billing statements and made telephone calls directly to Plaintiff in a knowing attempt to extract and collect payment from Plaintiff.

24.     At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25.     All necessary conditions precedent to the filing of this action occurred or Defendant waived the same.

## FACTUAL ALLEGATIONS

26.     Defendant made telephone calls, as more specifically alleged below, to Plaintiff's cellular telephone number 727.XXX.9062 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

27.     Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 727.XXX.9062.

28.     At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephones using an ATDS, a PTDS, or an APV.

29.     Further, if Defendant contends it possessed such consent, Plaintiff revoked any consent the moment Defendant received notice of Plaintiff's legal representation with respect to the Debt via the sending and Defendant's receipt of the Fax of Representation, as such term is defined below.

30.     Additionally, if Defendant contends it made the below-referenced phone calls for "informational purposes only," Defendant nevertheless lacked the required prior express written

5

consent necessary to make such informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

31.     On or about April 25, 2017 Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") with respect to her debts generally, including the Debt.

32.     On or about April 25, 2017, Undersigned Counsel sent Defendant a facsimile transmission to Defendant advising of Undersigned Counsel's representation of Plaintiff with respect to the Debt, providing Defendant with Undersigned Counsel's contact information, and advising Defendant that all direct Debt communication with Plaintiff must cease and should instead be directed to Undersigned Counsel's office (hereinafter, "Fax of Representation"). Please see attached a true and correct copy of the Fax of Representation and delivery confirmation sheet labeled as Exhibit "A."

33.     Each of Defendant's below-referenced communications occurred despite Defendant possessing actual knowledge of Plaintiff's legal representation with respect to the Debt and possessing Undersigned Counsel's contact information.

34.     On or about May 26, 2017, Defendant sent a billing statement directly to Plaintiff in an attempt to collect the Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "B."

35.     One or about June 20, 2017, Defendant called Plaintiff's Cellular Telephone from telephone number 888.893.1773 using an ATDS, a PTSD, or an APV.

36.     Defendant made the immediately-aforementioned call in an attempt to collect the Debt directly from the Plaintiff.

37.     On or about June 21, 2017, at approximately 8:22 a.m. EST, Defendant's agent or representative "David" called Plaintiff's Cellular Telephone from telephone number 888.893.1773 using an ATDS, a PTDS, or an APV.

38.     Defendant made the immediately-aforementioned call in an attempt to collect the Debt directly from the Plaintiff.

39.     During the immediately–aforementioned call, Plaintiff *again* advised Defendant of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt, *again* provided Defendant of Undersigned Counsel's contact info, and *again* advised Defendant that such communications should be directed to Undersigned Counsel's office.

40.     On or about June 26, 2017, Defendant sent *another* billing statement directly to Plaintiff in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "D."

41.     On or about July 26, 2017, Defendant sent *another* billing statement directly to Plaintiff in an attempt to collect the Debt. Please see attached a true and correct copy of said billing statement labeled as Exhibit "E."

42.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

43.     Plaintiff has not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection communications, to record the specifics (as done above) of each and every communication made to Plaintiff. Plaintiff assert, however, that the above-referenced communications are but a sub-set of the communications made in violation of the FCCPA and the TCPA. Further, Defendant is in

the best position to determine and ascertain the number and methodology of calls and debt collection communications made to Plaintiff.

44.     Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

45.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

46.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephones in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

47.     As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

48.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting a consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

8

49.     Specifically, despite Plaintiff repeatedly providing Defendant actual notice of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and providing Undersigned Counsel's contact information, Defendant sent *at least* three (3) billing statements directly to Plaintiff and directly called Plaintiff's Cellular Telephone *at least* two (2) times using an ATDS, PTDS, or an APV, in its attempts to collect the Debt.

50.     Defendant's conduct served no purpose other than to annoy, force, coerce, harass, frighten, embarrass, and/or humiliate Plaintiff into paying the Debt, as Defendant's debt collection communications continued despite Plaintiff's repeated demands that Defendant cease calling Plaintiff's Cellular Telephone and instead direct such communications to Undersigned Counsel's office.

51.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

52.     As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES, SECTION 559.72 (18)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

53.     Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiff after receiving actual notice and possessing actual knowledge of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt and after possessing Undersigned Counsel's contact information.

54. Specifically, despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and possessing Undersigned Counsel's contact information via the Fax of Representation, Defendant sent *at least* three (3) billing statements directly to Plaintiff in an attempt to collect the Debt, and Defendant made *at least* two (2) telephone calls directly to Plaintiff's Cellular Telephone.

55. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**TELEPHONE CONSUMER PROTECTION ACT –**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

56. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

57. Specifically, at no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

58. If Defendant contends it possessed Plaintiff's prior express consent, Plaintiff revoked consent to make auto-dialed Debt collection calls the moment Defendant received notice of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt via the Fax of Representation—which explicitly revoked any purported prior express consent—and again when Plaintiff directly informed Defendant of Undersigned Counsel's legal representation of Plaintiff.

10

59.     Despite lacking Plaintiff's prior express consent, Defendant made *at least* two (2) calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

60.     As Defendant did not possess Plaintiff's consent to make calls using an ATDS, PTDS, or APV since Plaintiff explicitly revoked any purported consent via the Fax of Representation sent to Defendant, Defendant's calls constitute numerous and multiple knowing and/or willful violations of the TCPA.

61.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

      a.     The periodic loss of her Cellular Telephone service;

      b.     Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under her Cellular Telephone service contract; and

      c.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

      a.     Judgment against Defendant declaring that Defendant violated the FCCPA and the TCPA;

      b.     Judgment against Defendant for maximum statutory damages for violations of the FCCPA;

      c.     Judgment against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone calls that violated the TCPA;

11

d.  Judgment against Defendant for treble damages in the amount of an additional $1,000.00 (i.e., treble damages) for each telephone call that violated the TCPA for which Defendant acted knowingly or willingly—or both;

e.  Judgment providing injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

f.  An award of attorneys' fees and costs;

g.  Actual damages in an amount to be determined at trial; and

h.  Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

*/s/ Sean E. McEleney*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
[X] **Sean E. McEleney, Esq., FBN 0125561**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
glercher@leavenlaw.com
smceleney@leavenlaw.com
*Attorneys for Plaintiff*

12

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA     )
                             )
COUNTY OF Pinellas     )

Plaintiff Lynn Haden, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

Lynn Hayden

Subscribed and sworn to before me this 25th day of October , 2017.

Notary Public

My Commission Expires: 3.01.2019    Proof of I.D.: Drivers License



JUDY RALPH
MY COMMISSION #FF204745
EXPIRES: MAR 01, 2019
Bonded through 1st State Insurance

1

# EXHIBIT A

Leavengood, Dauval, Boyle & Meyer, P.A.     Tel: 727.327.3328
3900 First Street North, Suite 100          Fax: 727.327.3305
St. Petersburg, FL 33703                    www.LeavenLaw.com



# Fax

| To: Collections Representative | Office: Suntrust Visa |
|---|---|
| Fax No: 804-675-9697 | In Re: Lynn Hayden |
| | ███████████ |
| | Account Number: ██████████ ████ |
| From: Marsha Fowler, Legal Assistant to Ian R. Leavengood | Date: April 25, 2017 |
| Number of Pages (including cover sheet): 1 | To confirm receipt/missing pages, please call: 727.327.3328 |

Collections Representative,

        Please be aware that this law firm (see above for contact information) represents Lynn Hayden with regard to her debts generally (i.e. for the purpose of settling ALL of her debts OR for filing a bankruptcy), including the above listed account and any other accounts of debts which you or your agency is attempting to collect from our client(s). Any further communication with our client(s) will be in violation of **Fla. Sta. § 559.72(18)**, which provides in part that:

> **"[I]n collecting consumer debts, no person shall communicate with the debtor if that person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of…such attorney's name and address."**

        Furthermore, **47 U.S.C. § 227** prohibits making any call using any automatic telephone dialing system ("ATDS") or an artificial or pre-recorded voice to any telephone number assigned to a cellular telephone service without prior express consent. To the extent any such prior express consent existed, if any, to call the above person using an ATDS, such consent is hereby forever revoked consistent with the Florida and federal law.

        For further verification of representation or to discuss the debt which you intend to collect, please feel free to contact us directly.

Sincerely,

Marsha Fowler, Legal Assistant
to Ian R. Leavengood, Esq.
Leavengood, Dauval, Boyle & Meyer P.A.

**Confidentiality Notice:** This page and any accompanying documents contain confidential information intended for a specific individual and purpose. This telecopied information is private and protected by law. If you are not the intended recipient, you are hereby notified that any disclosure, copying or distribution, or the taking of any action based on the contents of this information is strictly prohibited.

# Send Result Report

**MFP**

## CS 400ci

**KYOCERƎ**

04/25/2017 15:54
Firmware Version  2H7_2F00.016.003 2016.08.18          [2H7_1000.024.001] [2H7_1100.002.003] [2H7_7000.015.004]

Job No.: 283598          Total Time: 0°00'48"          Page: 001

# Complete

Document:          doc20170425155216

---

Leavengood, Dauval, Boyle & Meyer, P.A.          Tel: 727.327.3328
3900 First Street North, Suite 100          Fax: 727.327.3305
St. Petersburg, FL 33703          www.LeavenLaw.com



## Fax

| To: Collections Representative | Office: Suntrust Visa |
|---|---|
| Fax No: 804-675-9697 | In Re: Lynn Hayden |
| | ███████████ |
| | Account Number: ███████ ███ |
| From: Marsha Fowler, Legal Assistant to Ian R. Leavengood | Date:  April 25, 2017 |
| Number of Pages (including cover sheet): 1 | To confirm receipt/missing pages, please call: 727.327.3328 |

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|---|---|---|---|---|---|---|
| 001 | 04/25/17 15:53 | 18046759697 | 0°00'48" | FAX | OK | 200x200 Fine/Off |

[ QEJ0300819 ]

# EXHIBIT B

***ELECTRONICALLY FILED 11/08/2017 01:59:21 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***



# SUNTRUST

**VISA**

## Your Platinum Visa® Credit Card Statement
04/27/2017 - 05/26/2017

Page 1 of 2

### » ACCOUNT SUMMARY

| | | |
|---|---|---|
| Previous Balance | | $2,706.15 |
| Payments | - | $0.00 |
| Other Credits | - | $0.00 |
| Purchases and Other Charges | + | $0.00 |
| Cash Advances | + | $0.00 |
| Fee Charges | + | $37.00 |
| **INTEREST CHARGED** | + | $45.40 |
| New Balance | | $2,788.55 |
| Closing Date | | 05/26/2017 |

### Account Number ▇▇▇▇▇▇▇▇

| | |
|---|---|
| Total Credit Limit | $2,500.00 |
| Available Credit | NONE |
| Available Cash | NONE |
| Amount Over Credit Limit | $288.55 |
| Amount Past Due | $407.00 |
| Days in Billing Cycle | 30 |

1-2

### » PAYMENT INFORMATION

| | |
|---|---|
| **New Balance** | **$2,788.55** |
| **Minimum Payment Due** | **$805.55** |
| **Payment Due Date** | 06/23/2017 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $37.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 15 years | $6,060 |
| $104 | 3 years | $3,744 *(Savings= $2,316)* |

For information about credit counseling services, call 1-866-684-6322

### »IMPORTANT INFORMATION

**YOUR ACCOUNT IS NOW FOUR OR MORE PAYMENTS PAST DUE AND AS A RESULT, HAS BEEN CLOSED. THERE ARE PROGRAMS AVAILABLE TO ASSIST YOU. CALL ONE OF OUR TEAMMATES AT 1-888-893-1773 TO DISCUSS THESE OPTIONS.**

**YOUR ACCOUNT IS CURRENTLY CLOSED**

### Cardmember Services Contact Information

| | | |
|---|---|---|
| ● Online Access<br>suntrust.com | 📞 Toll Free<br>800-477-9702 | 📞 Outside U.S., call collect<br>1-407-762-7212 | ✉ Cardmember Services<br>P.O Box 621569, Orlando, FL 32862-1569 |

### » TRANSACTIONS

| Trans Date | Post Date | Reference Number | Merchant Name or Transaction Description | Credit | Amount Charge |
|---|---|---|---|---|---|
| | | | **FEES** | | |
| 05/26 | 05/26 | | LATE FEE | | $37.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | | **$37.00** |
| | | | **INTEREST CHARGED** | | |
| 05/26 | 05/26 | | INTEREST CHARGE ON OVERDRAFT PROTECTION | | $5.58 |
| 05/26 | 05/26 | | Interest Charge on Purchases | | $34.12 |
| 05/26 | 05/26 | | Interest Charge on Cash Advances | | $5.70 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | | **$45.40** |

See reverse for additional information.

▇▇▇▇▇▇▇▇▇▇▇▇▇

| Amount Past Due | $407.00 | | |
| --- | --- | --- | --- |
| payment | | 15 years | $6,060 |
| $104 | | 3 years | $3,744 *(Savings= $2,316)* |

For information about credit counseling services, call 1-866-684-6322

**»IMPORTANT INFORMATION**

**YOUR ACCOUNT IS NOW FOUR OR MORE PAYMENTS PAST DUE AND AS A RESULT, HAS BEEN CLOSED. THERE ARE PROGRAMS AVAILABLE TO ASSIST YOU. CALL ONE OF OUR TEAMMATES AT 1-888-893-1773 TO DISCUSS THESE OPTIONS.**

**YOUR ACCOUNT IS CURRENTLY CLOSED**

### Cardmember Services Contact Information

| Online Access suntrust.com | Toll Free 800-477-9702 | Outside U.S., call collect 1-407-762-7212 | Cardmember Services P.O Box 621569, Orlando, FL 32862-1569 |

### » TRANSACTIONS

| Trans Date | Post Date | Reference Number | Merchant Name or Transaction Description | Credit | Amount Charge |
| --- | --- | --- | --- | --- | --- |
| | | | **FEES** | | |
| 05/26 | 05/26 | | LATE FEE | | $37.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | | **$37.00** |
| | | | **INTEREST CHARGED** | | |
| 05/26 | 05/26 | | INTEREST CHARGE ON OVERDRAFT PROTECTION | | $5.58 |
| 05/26 | 05/26 | | Interest Charge on Purchases | | $34.12 |
| 05/26 | 05/26 | | Interest Charge on Cash Advances | | $5.70 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | | **$45.40** |

See reverse for additional information

▼PLEASE DETACH HERE AND RETURN BOTTOM PORTION WITH YOUR PAYMENT▼

**SunTrust**

CARDMEMBER SERVICES
PO BOX 305183
NASHVILLE, TN 37230-5183

MINIMUM PAYMENT
805.55
PAYMENT DUE DATE
NOW DUE

Pay online at suntrust.com
Or make check payable in
U.S. dollars to:
Cardmember Services

ACCOUNT #
███████ 3029
NEW BALANCE
2,788.55
AMOUNT ENCLOSED
$ _____

☐ Change of Address?
Please check box and complete reverse side

Enclose this coupon with your payment and mail to:

CARDMEMBER SERVICES
PO BOX 791278
BALTIMORE, MD 21279-1278

LYNN HAYDEN

24281
K10


**SUNTRUST**

**Platinum Visa®**

## »INTEREST CHARGED CALCULATION

Your **Annual Percentage Rate (APR)** is the annual rate on your Account.

(v) = Variable Rate

| Type of Balance | Annual Percentage Rate (APR) | Number of Days Rate Used | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | 19.74% (v) | 30 | $2,103.67 | $34.12 |
| Cash Advances | 21.99% (v) | 30 | $315.52 | $5.70 |
| OVERDRAFT ADVANCES | 21.99% (v) | 30 | $308.83 | $5.58 |

## »2017 Totals Year-to-Date

| | | |
|---|---|---|
| Total fees charged in 2017 | - | $175.00 |
| Total interest charged in 2017 | - | $211.40 |

## »IMPORTANT NEWS

The Service Members Civil Relief Act (SCRA) provides important financial and legal protections to service members - including caps on interest rates, stays on certain legal protection from eviction, and termination of leases without repercussions. Learn more at www.militaryonesource.mil (search for 'SCRA').

1-2

# EXHIBIT C

17-008976-CO

## SUNTRUST

**Your Platinum Visa® Credit Card Statement**

05/27/2017 - 06/26/2017

Page 1 of 2

### » ACCOUNT SUMMARY

| | |
|---|---|
| Previous Balance | $2,788.55 |
| Payments − | $0.00 |
| Other Credits − | $0.00 |
| Purchases and Other Charges + | $0.00 |
| Cash Advances + | $0.00 |
| Fee Charges + | $37.00 |
| INTEREST CHARGED + | $48.34 |
| New Balance | $2,873.89 |
| Closing Date | 06/26/2017 |

| Account Number | XXXX XXXX XXXX 3 |
|---|---|
| Total Credit Limit | $2,500.00 |
| Available Credit | NONE |
| Available Cash | NONE |
| Amount Over Credit Limit | $373.89 |
| Amount Past Due | $517.00 |
| Days in Billing Cycle | 31 |

### » PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $2,873.89 |
| Minimum Payment Due | $1,004.89 |
| Payment Due Date | 07/23/2017 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $37.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 15 years | $6,098 |
| $107 | 3 years | $3,858 (Savings= $2,240) |

For information about credit counseling services, call 1-866-684-6322.

### »IMPORTANT INFORMATION

### YOUR ACCOUNT IS CURRENTLY CLOSED

---

### Cardmember Services Contact Information

| | | |
|---|---|---|
| 🖥 Online Access suntrust.com | ☎ Toll Free 800-477-9702 | 📞 Outside U.S., call collect 1-407-762-7212 |

📬 Cardmember Services P.O Box 621569, Orlando, FL 32862-1569

### » TRANSACTIONS

| Trans Date | Post Date | Reference Number | Merchant Name or Transaction Description | Credit | Amount Charge |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| 06/26 | 06/26 | | LATE FEE | | $37.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | | **$37.00** |
| **INTEREST CHARGED** | | | | | |
| 06/26 | 06/26 | | INTEREST CHARGE ON OVERDRAFT PROTECTION | | $5.87 |
| 06/26 | 06/26 | | Interest Charge on Purchases | | $36.48 |
| 06/26 | 06/26 | | Interest Charge on Cash Advances | | $5.99 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | | **$48.34** |

### » INTEREST CHARGED CALCULATION

Your Annual Percentage Rate (APR) is the annual rate on your Account.          (v) = Variable Rate

| Type of Balance | Annual Percentage Rate (APR) | Number of Days Rate Used | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Purchases | 19.74% (v) | 31 | $2,175.94 | $36.48 |
| Cash Advances | 21.99% (v) | 31 | $321.37 | $5.99 |
| OVERDRAFT ADVANCES | 21.99% (v) | 31 | $314.55 | $5.87 |

See reverse for additional information.

5207  0001  KSG     1   7  26  170626          E X Page 1 of 2          3467  0000  1196  01BB5207    14705

▼PLEASE DETACH HERE AND RETURN BOTTOM PORTION WITH YOUR PAYMENT▼

---

## SUNTRUST

CARDMEMBER SERVICES
PO BOX 305183
NASHVILLE, TN 37230-5183

| MINIMUM PAYMENT | ACCOUNT # |
|---|---|
| 1,004.89 | |
| PAYMENT DUE DATE | NEW BALANCE |
| NOW DUE | 2,873.89 |
| Pay online at suntrust.com Or make check payable in U.S. dollars to: Cardmember Services | AMOUNT ENCLOSED $ _____ |

☐ Change of Address? Please check box and complete reverse side

Enclose this coupon with your payment and mail to:

CARDMEMBER SERVICES
PO BOX 791278
BALTIMORE, MD 21279-1278

LYNN HAYDEN

14705
K106

**Crediting of Payments:** You may pay all or part of the New Balance at any time. However, you must pay the Minimum Payment each month by the Payment Due Date. Payments must be made in U.S. Dollars and be drawn on a U.S. institution. Payments accompanied by the correct payment coupon and received prior to 5:00 p.m. Eastern Time at the mailing address shown on the front will be credited to your Account as of the date of receipt. Payments received after 5:00 p.m. Eastern Time will be credited as of the next day. If we accept a payment received at any other location, with no payment coupon enclosed, or that does not conform to the payment instructions provided, that payment may be subject to a delay in crediting of up to 5 days after the date of receipt. Payments initiated through our automated telephone service, with a customer service representative, or via our web site will be subject to the 5:00 pm payment cut off time.

**If you want to settle a disagreement with us about any amount you owe by sending a check on which you have written "payment in full" or similar language, you must send that check along with a written explanation of the disagreement or dispute to: Cardmember Services, Attn: Risk Manager P.O. Box 620548, Orlando, FL 32862-0548.** This address is different than the address you use to make Account payments. Writing "payment in full" or similar language on any check will not be enough to resolve dispute. You must send us the written explanation noted above. (See the "Billing Rights Summary" section below for details about your rights and our responsibilities in case of errors or questions about your billing statements).

**How We Calculate Your Balance:**
To determine Periodic Rate Finance Charges, we multiply the average daily balances for each Account feature (Purchases, Cash Advances, Balance Transfers, Overdraft Advances and Promotional Balances) by the number of days in Billing Cycle and the applicable Periodic Rates. To get the "average daily balance," we take the beginning balance for each Account feature each day, add any new transactions and Other Charges, subtract any applicable payments or credits allocated to the Account feature, and add the applicable Finance Charges for such day after taking into account such new transactions, payments and credits. Then, we separately add up all the daily balances for each Account feature for the Billing Cycle and divide those totals by the number of days in Billing Cycle. This gives us the "average daily balance."

**Periodic Rates:** If there is a "V" next to the Daily Periodic Rate shown on this billing statement, which means that the rate is variable.

**Paying Interest:** Any new Purchases that are reflected for the first time on this Billing Statement will not be subject to a Periodic Rate Finance Charge during the Billing Cycle reflected in this Billing Statement if: (a) you have no Previous Balance or (b) the payments and credits received by us (by the previous Payment Due Date) are at least equal to the Previous Balance that appears on this Billing Statement. To avoid Finance Charges on new Purchases, pay the New Balance in full by the Payment Due Date. We will begin charging interest on cash advances and balance transfers on the transaction date.

**Minimum Interest Charge:** If you are charged interest, the charge will be no less than $1.50.

**Foreign Transaction Fee:** We will assess a Finance Charge in the form of a Foreign Currency Transaction Fee for all Purchase transactions processed in a foreign currency. This portion of the FINANCE CHARGE will equal 3% of the amount in U.S. dollars after each Purchase transaction has been converted from a foreign currency. This fee will be added to the Purchase balance of your Account.

**Annual Fee:** To avoid paying this fee, notify us that you are closing your account within 30 days after you receive our notice that we will bill the annual fee on your next statement. This annual fee provision is only applicable if your account has an annual fee.

**Lost/Stolen Card; Fraud and Other Unauthorized Charges: If your card is lost or stolen or has charges which you believe are unauthorized or fraudulent, please call us immediately at 866-892-4683.**

You may be liable for the unauthorized use of your credit card. You will not be liable for unauthorized use that occurs after you notify us, orally or in writing, of the loss, theft, or possible unauthorized use. In any case, your liability will not exceed $50. Notify us at P.O. Box 621569, Orlando, FL 32862-1569, or call the toll-free Cardmember Services number above. You may also notify us in person by visiting a SunTrust branch.

**Other Information:** Any collection message appearing on this Billing Statement is an attempt to collect a debt and any information obtained will be used for that purpose.

**ERRORS, QUESTIONS AND CHARGES NOT RECOGNIZED**
- Merchants may bill under different names and/or locations. If possible, verify the dollar amount to a sales receipt.
- When returning merchandise through the mail, always request a return receipt.
- Be sure to obtain a cancellation number when canceling lodging reservations.
- Regarding problems with goods or services, first attempt to resolve with the merchant, and if they issue credit, obtain a credit receipt. If you are not successful, refer to the Special Rule for Credit Card Purchases below.
- If you still do not recognize the charge, refer to the Billing Rights Summary.

**Billing Rights Summary**

**What To Do if You Think You Find a Mistake on Your Statement**
If you think there is an error on your statement, write to us at:

Cardmember Services
Attn: Dispute Department
P.O. Box 620548
Orlando, FL 32862-0548

In your letter, give us the following information:
- Account information: Your name and account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake. If you need more information, describe the item you are unsure about.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Your Rights if You Are Dissatisfied With Your Credit Card Purchases**
If you are dissatisfied with the goods or services that you purchased with your credit card and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, all of the following must be true:
1. The purchase must have been made in your home State or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at:

Cardmember Services
Attn: Dispute Department
P.O. Box 620548
Orlando, FL 32862-0548

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

SunTrust, SunTrust Rewards and SunPoints are federally registered service marks of SunTrust Banks, Inc.     O1BD5207 - 23 - 08-26-16

**Change of Address**
If correct on front, then do not complete this form:

Name _____

Street Address _____

City _____

State _____

Zip Code _____

Home Phone _____ Number _____ With _____ Area _____ Code _____

Business Phone _____ Number _____ With _____ Area _____ Code _____

E-mail _____

Case Number:17-008976-CO

# EXHIBIT D

**Your Platinum Visa® Credit Card Statement**

06/27/2017 - 07/26/2017

## » ACCOUNT SUMMARY

| | |
|---|---|
| Previous Balance | $2,873.89 |
| Payments - | $0.00 |
| Other Credits - | $0.00 |
| Purchases and Other Charges + | $0.00 |
| Cash Advances + | $0.00 |
| Fee Charges + | $37.00 |
| **INTEREST CHARGED** + | $48.19 |
| New Balance | $2,959.08 |
| Closing Date | 07/26/2017 |

**Account Number** ▇▇▇▇▇▇▇

| | |
|---|---|
| Total Credit Limit | $2,500.00 |
| Available Credit | NONE |
| Available Cash | NONE |
| Amount Over Credit Limit | $459.08 |
| Amount Past Due | $631.00 |
| Days in Billing Cycle | 30 |

## » PAYMENT INFORMATION

| | |
|---|---|
| New Balance | $2,959.08 |
| Minimum Payment Due | $1,205.08 |
| Payment Due Date | 08/23/2017 |

**Late Payment Warning:**
If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $37.

**Minimum Payment Warning:**
If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 14 years | $6,128 |
| $110 | 3 years | $3,972 (Savings= $2,156) |

For information about credit counseling services, call 1-866-684-6322.

## »IMPORTANT INFORMATION

### YOUR ACCOUNT IS CURRENTLY CLOSED

### Cardmember Services Contact Information

| | | | |
|---|---|---|---|
| ● Online Access suntrust.com | ▮ Toll Free 800-477-9702 | ▮ Outside U.S., call collect 1- 407-762-7212 | ✉ Cardmember Services P.O Box 621569, Orlando, FL 32862-1569 |

## » TRANSACTIONS

| Trans Date | Post Date | Reference Number | Merchant Name or Transaction Description | Amount Credit | Amount Charge |
|---|---|---|---|---|---|
| | | | **FEES** | | |
| 07/26 | 07/26 | | LATE FEE | | $37.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | | **$37.00** |
| | | | **INTEREST CHARGED** | | |
| 07/26 | 07/26 | | INTEREST CHARGE ON OVERDRAFT PROTECTION | | $5.78 |
| 07/26 | 07/26 | | Interest Charge on Purchases | | $36.50 |
| 07/26 | 07/26 | | Interest Charge on Cash Advances | | $5.91 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | | **$48.19** |

## » INTEREST CHARGED CALCULATION

**Your Annual Percentage Rate (APR)** is the annual rate on your Account.                    (v) = Variable Rate

| Type of Balance | Annual Percentage Rate (APR) | | Number of Days Rate Used | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|---|
| Purchases | 19.74% | (v) | 30 | $2,249.40 | $36.50 |
| Cash Advances | 21.99% | (v) | 30 | $327.32 | $5.91 |
| OVERDRAFT ADVANCES | 21.99% | (v) | 30 | $320.38 | $5.78 |

See reverse for additional information.

---

▼PLEASE DETACH HERE AND RETURN BOTTOM PORTION WITH YOUR PAYMENT▼

**SunTrust**

CARDMEMBER SERVICES
PO BOX 305183
NASHVILLE, TN 37230-5183

| MINIMUM PAYMENT | | ACCOUNT # | |
|---|---|---|---|
| 1,205.08 | | ▇▇▇▇ 3029 | |
| PAYMENT DUE DATE | | NEW BALANCE | |
| NOW DUE | | 2,959.08 | |

Pay online at suntrust.com
Or make check payable in
U.S. dollars to:
Cardmember Services

AMOUNT ENCLOSED

$ _____

☐ Change of Address?
Please check box and complete reverse side

2959083

Enclose this coupon with your payment and mail to:

CARDMEMBER SERVICES
PO BOX 791278
BALTIMORE, MD 21279-1278

LYNN HAYDEN

14899
K107

**Crediting of Payments:** You may pay all or part of the New Balance at any time. However, you must pay the Minimum Payment each month by the Payment Due Date. Payments must be made in U.S. Dollars and be drawn on a U.S. institution. Payments accompanied by the correct payment coupon and received prior to 5:00 p.m. Eastern Time at the mailing address shown on the front will be credited to your Account as of the date of receipt. Payments received after 5:00 p.m. Eastern Time will be credited as of the next day. If we accept a payment received at any other location, with no payment coupon enclosed, or that does not conform to the payment instructions provided, that payment may be subject to a delay in crediting of up to 5 days after the date of receipt. Payments initiated through our automated telephone service, with a customer service representative, or via our web site will be subject to the 5:00 pm payment cut off time.

**If you want to settle a disagreement with us about any amount you owe by sending a check on which you have written" payment in full" or similar language, you must send that check along with a written explanation of the disagreement or dispute to: Cardmember Services, Attn: Risk Manager P.O. Box 620548, Orlando, FL 32862-0548.** This address is different than the address you use to make Account payments. Writing "payment in full" or similar language on any check will not be enough to resolve dispute. You must send us the written explanation noted above. (See the "Billing Rights Summary" section below for details about your rights and our responsibilities in case of errors or questions about your billing statements).

**How We Calculate Your Balance:**
To determine Periodic Rate Finance Charges, we multiply the average daily balances for each Account feature (Purchases, Cash Advances, Balance Transfers, Overdraft Advances and Promotional Balances) by the number of days in Billing Cycle and the applicable Periodic Rates. To get the "average daily balance," we take the beginning balance for each Account feature each day, add any new transactions and Other Charges, subtract any applicable payments or credits allocated to the Account feature, and add the applicable Finance Charges for each day after taking into account such new transactions, payments and credits. Then, we separately add up all the daily balances for each Account feature for the Billing Cycle and divide those totals by the number of days in Billing Cycle. This gives us the "average daily balance."

**Periodic Rates:** If there is a "V" next to the Daily Periodic Rate shown on this billing statement, which means that the rate is variable.

**Paying Interest:** Any new Purchases that are reflected for the first time on this Billing Statement will not be subject to a Periodic Rate Finance Charge during the Billing Cycle reflected in this Billing Statement if: (a) you have no Previous Balance or (b) the payments and credits received by us (by the previous Payment Due Date) are at least equal to the Previous Balance that appears on this Billing Statement. To avoid Finance Charges on new Purchases, pay the New Balance in full by the Payment Due Date. We will begin charging interest on cash advances and balance transfers on the transaction date.

**Minimum Interest Charge:** If you are charged interest, the charge will be no less than $1.50.

**Foreign Transaction Fee:** We will assess a Finance Charge in the form of a Foreign Currency Transaction Fee for all Purchase transactions processed in a foreign currency. This portion of the FINANCE CHARGE will equal 3% of the amount in U.S. dollars after each Purchase transaction has been converted from a foreign currency. This fee will be added to the Purchase balance of your Account.

**Annual Fee:** To avoid paying this fee, notify us that you are closing your account within 30 days after you receive our notice that we will bill the annual fee on your next statement. This annual fee provision is only applicable if your account has an annual fee.

**Lost/Stolen Card; Fraud and Other Unauthorized Charges: If your card is lost or stolen or has charges which you believe are unauthorized or fraudulent, please call us immediately at 866-892-4683.**
You may be liable for the unauthorized use of your credit card. You will not be liable for unauthorized use that occurs after you notify us, orally or in writing, of the loss, theft, or possible unauthorized use. In any case, your liability will not exceed $50. Notify us at P.O. Box 621569, Orlando, FL 32862-1569, or call the toll-free Cardmember Services number above. You may also notify us in person by visiting a SunTrust branch.

**Other Information:** Any collection message appearing on this Billing Statement is an attempt to collect a debt and any information obtained will be used for that purpose.

**ERRORS, QUESTIONS AND CHARGES NOT RECOGNIZED**
- Merchants may bill under different names and/or locations. If possible, verify the dollar amount to a sales receipt.
- When returning merchandise through the mail, always request a return receipt.
- Be sure to obtain a cancellation number when canceling lodging reservations.
- Regarding problems with goods or services, first attempt to resolve with the merchant, and if they issue credit, obtain a credit receipt. If you are not successful, refer to the Special Rule for Credit Card Purchases below.
- If you still do not recognize the charge, refer to the Billing Rights Summary.

**Billing Rights Summary**

**What To Do if You Think You Find a Mistake on Your Statement**
If you think there is an error on your statement, write to us at:

**Cardmember Services**
Attn: Dispute Department
P.O. Box 620548
Orlando, FL 32862-0548

In your letter, give us the following information:
- Account information: Your name and account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake. If you need more information, describe the item you are unsure about.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question. While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Your Rights if You Are Dissatisfied With Your Credit Card Purchases**
If you are dissatisfied with the goods or services that you purchased with your credit card and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase. To use this right, all of the following must be true:
1. The purchase must have been made in your home State or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at:

**Cardmember Services**
Attn: Dispute Department
P.O. Box 620548
Orlando, FL 32862-0548

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

SunTrust, SunTrust Rewards and SunPoints are federally registered service marks of SunTrust Banks, Inc.     O1BD5207 - 23 – 08-26-16

**Change of Address**
If correct on front, then do not complete this form:

Name _____

Street Address _____

City _____

State _____

Zip Code _____

Home Phone          Number          With          Area          Code _____

Business Phone          Number          With          Area          Code _____

E-mail _____

**SUNTRUST**

## Platinum Visa®

| » 2017 Totals Year-to-Date | | |
|---|---|---|
| Total fees charged in 2017 | - | $249.00 |
| Total interest charged in 2017 | - | $307.93 |

| » IMPORTANT NEWS |
|---|
| The Service Members Civil Relief Act (SCRA) provides important financial and legal protections to service members - including caps on interest rates, stays on certain legal protection from eviction, and termination of leases without repercussions. Learn more at www.militaryonesource.mil (search for 'SCRA'). |

1-2

KSG

# IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
# IN AND FOR PINELLAS COUNTY, FLORIDA
# CIVIL DIVISION

LYNN HAYDEN,
an individual,

       Plaintiff,

v.

SUNTRUST BANK,
a foreign for-profit corporation,

       Defendant.

_____/

Case No.: 17-008976-CO

I.    TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

| | |
|---|---|
| [] Condominium | [] Professional malpractice |
| [] Contracts and indebtedness | []   Malpractice—business |
| [] Eminent domain | []   Malpractice—medical |
| [] Auto Negligence | []   Malpractice—other professional |
| [] Negligence—other | [X] Other – Wrongful Act |
|   []  Business governance | []   Antitrust/Trade regulation |
|   []  Business Torts | []   Business transactions |
|   []  Environmental/Toxic Tort | []   Constitutional challenge—statute or ordinance |
|   []  Third Party indemnification | |
|   []  Construction defect | []   Constitutional challenge—proposed amendment |
|   []  Mass Tort | |
|   []  Negligent security | []   Corporate trusts |
|   []  Nursing home negligence | []   Discrimination |
|   []  Premises liability—commercial | []   Insurance claims |
|   []  Premises liability—residential | []   Intellectual property |
| [] Products liability | []   Libel/ Slander |
| [] Real property/Mortgage foreclosure | []   Shareholder derivative action |
|   []  Commercial foreclosure | []   Securities litigation |
|   []  Residential foreclosure | []   Trade secrets |
|   []  Other real property actions | [X]  Unlawful Debt Collection |

II.   REMEDIES SOUGHT (check all that apply)
    [X] monetary;
    [X] non-monetary declaratory or injunctive relief;
    []punitive

III.  NUMBER OF CAUSES OF ACTION: [ 3 ]
    Unlawful Debt Collection: FCCPA Sections 559.72(7) and 559.72(18); TCPA Section 227(b)(1)(A).

**EXHIBIT "B"**

IV.  IS THIS CASE A CLASS ACTION LAWSUIT?
[]   yes
[X]  no

V.  HAS A NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
[X]  no
[]   yes  If "yes," list all related cases by name, case number, and court.

VI.  IS JURY TRIAL DEMANDED IN COMPLAINT?
[X]  yes
[]   no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATE: November 8, 2017

Respectfully submitted,

**LEAVENLAW**

*/s/ Sean E. McEleney*
□ **Ian R. Leavengood, Esq., FBN 0010167**
□ **Gregory H. Lercher, Esq., FBN 0106991**
[X] **Sean E. McEleney, Esq., 0125561**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
glercher@leavenlaw.com
smceleney@leavenlaw.com
*Attorneys for Plaintiff*

2

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LYNN HAYDEN,
an individual,

          Case No.: 17-008976-CO

      Plaintiff,

v.

SUNTRUST BANK,
a foreign for-profit corporation,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR
## ADMISSIONS DIRECTED TO DEFENDANT, SUNTRUST BANK

Pursuant to Rule 1.370, Florida Rules of Civil Procedure, Plaintiff, LYNN HAYDEN (hereinafter, "Plaintiff"), by and through the undersigned counsel, hereby requests that Defendant, SUNTRUST BANK (hereinafter, "Defendant"), admit or deny the following statements:

### DEFINITIONS

A.    The term "You" or "Defendant" shall mean SUNTRUST BANK or any person acting on its behalf, including, but not limited to employees, agents, representatives, and Defendant's legal counsel.

B.    "Plaintiff" shall mean Lynn Hayden.

C.    The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; the singular includes the plural and the plural includes the singular; and the word "including" shall be construed as broadly as possible.

D.    The term "relating to" or "concerning" means referring to, constituting, describing, summarizing, reflecting, involving, containing, embodying, or logically connecting to in any matter whatsoever.

1

**EXHIBIT "C"**

E.      The term "identify" when referring to a document means to state the nature of the document (e.g., letter, handwritten notes, telegrams), its present custodian, date, author or originator, addressor, title publisher, number of pages and any other basis for identification.

F.      The term "identify" when referring to an oral communication, means state the date and place thereof, whether the communication was person-to-person, by telephone, etc., the name of all persons present and the substance of the oral communication.

G.      The term "identify" when referring a specified event or occurrence, means state the date (as further defined below) and, if applicable, the location of the occurrence and the person(s) or organization(s) giving directions or orders leading to the happening of said occurrence.

H.      The term "identify" with respect to an individual means to state the full name, present or last known residence address, current or previous employer, and current or previous title or employment position.

I.      "Document" as used herein shall include all items which may be considered to be a document or tangible thing under the Florida Rules of Civil Procedure and those defined as "writings and recordings" or as "photographs" in Chapter 90, Florida Statutes.  Without limiting the generality of the foregoing, "document" as used herein means the original, each non-identical (whether different from the original by means of notes made on such copy or otherwise) and—if the original is not in existence or subject to control of the Defendant—each copy, regardless of origin or location, of any handwritten, typewritten, printed, drawn, recorded, transcribed, punched, taped, photographed, "telexed," filmed, microfilmed, stored on a diskette, tape or hard-drive of a computer or word processor, or otherwise prepared matter, however produced or reproduced, which is in the possession or custody of Defendant's present or previous counsel.  By way of illustration, the  aforesaid definition of documents or tangible things shall include, but not be

2

limited to all invoices, solicitations, letters, electronic mail (i.e., e-mail), correspondence, telegrams, facsimiles, telexes, cables, memoranda, or minutes of meetings or conversations (personal or telephonic), reports, summaries, surveys, analyses, or informal books of record or account, bulletins, instructions, agreements, legal documents, notebooks, jottings and writings of every description, including drawings, graphs, charts, photographs, films, recordings, computer tapes and print-outs and other data or compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.

   J. "Communication" means all forms of contact, oral, electronic, non-verbal or written, formal or informal, direct or indirect, at any time or place, and under any circumstances, whereby information of any nature was recorded, transmitted, or transferred.

   K. The term "person" includes natural persons, groups of natural persons acting in a collegial capacity, proprietorships, partnerships, corporations, joint ventures, firms, associations, any other business or social organizations or any governmental body or agency.

   L. "Complaint" shall mean or refer to the most recent Complaint filed in the above-styled manner.

   M. "Debt" shall mean or refer to an alleged balance due for a consumer credit card, referenced by Defendant's account number ending in -3029, and as referenced and defined in the Complaint.

   N. If no date or time is specified, assume it to be beginning four years prior to the date and time of the earliest incident alleged in the Complaint running up through the date of the filing of the Complaint.

   O. "FCCPA" is the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes.

P.     "TCPA" is the Telephone Consumer Protection Act, Chapter 47, United States Code, Section 227 et seq., implementing regulations of 47 Code of Federal regulations, Section 64.1200, and all valid FCC opinions interpreting such.

Q.     "Cellular Telephone" shall mean or refer to Plaintiff's cellular telephone with assigned telephone number 727.XXX.9062.

R.     "Automatic Telephone Dialing System" or "ATDS" is defined in the TCPA at Section 227(a)(1) as equipment which has the capacity to "(1) store or produce telephone numbers to be called, using a random and sequential number generator; and (2) to dial such numbers."

S.     "Predictive Telephone Dialing System" or "PTDS" shall mean hardware, which, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

T.     "APV" shall mean or refer to an artificial or pre-recorded voice.

U.     "Undersigned Counsel" shall mean or refer to Plaintiff's counsel, Leavengood, Dauval, Boyle & Meyer, P.A.

## INSTRUCTIONS

A.     The applicable rules set forth in the Florida Rules of Civil Procedure are incorporated herein by reference.

## REQUESTED ADMISSIONS

Please admit or deny the following:

1.     Defendant is a creditor as defined by the FCCPA.

2.     The Debt is a consumer debt.

3.     The Debt was incurred for family, personal, or household use.

4

4. Defendant's employees and representatives are not provided educational training in order to ensure compliance with the FCCPA and TCPA on all collections handled by Defendant.

5. Defendant's employees and representatives are not monitored by Defendant in order to ensure compliance with the FCCPA and TCPA on all collections handled by Defendant.

6. Defendant's employees and representatives are not tested by Defendant in order to ensure compliance with the FCCPA and TCPA on all collections handled by Defendant.

7. Defendant received Undersigned Counsel's facsimile—labeled and attached to the Complaint as Exhibit "A"—on or about April 25, 2017.

8. Between April 1, 2017 and April 30, 2017, Defendant owned, operated, used, or controlled a facsimile machine with the assigned number 804.675.9697.

9. Defendant called Plaintiff from telephone number 888.893.1773 in June 2017.

10. Defendant owned and used an ATDS or an artificial pre-recorded voice in its attempt to collect the Debt from Plaintiff.

11. Defendant owned and used an ATDS or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone in June 2017.

12. Defendant had Plaintiff's Cellular Telephone number noted as a cellular telephone number in its systems, including but not limited to, its ATDS.

13. Defendant maintains no process in place to remove a cellular telephone number in the event a consumer asks Defendant to stop calling him or her to collect the Debt.

14. Defendant used equipment with the capacity to dial telephone numbers without human intervention to call Plaintiff's Cellular Telephone.

15.     To the extent that Defendant had equipment with the capacity to dial telephone numbers without human intervention, this equipment would, upon answer of the telephone call, connect that person to an employee of Defendant, if one was available.

16.     Defendant communicated directly with Plaintiff after receiving notice of Undersigned Counsel's representation of Plaintiff with respect to the Debt.

17.     Defendant sent billing statements directly to Plaintiff after April 25, 2017.

18.     Defendant placed calls directly to Plaintiff's Cellular Telephone after April 25, 2017.

19.     Defendant communicated with Plaintiff in an attempt to collect the Debt after April 25, 2017.

Date: November 8, 2017

Respectfully submitted,

**LEAVENLAW**

*/s/ Sean E. McEleney*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
[X] **Sean E. McEleney, Esq., 0125561**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
glercher@leavenlaw.com
smceleney@leavenlaw.com
*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I sent a copy of the foregoing *Plaintiff's First Request for Admission Directed to Defendant, SunTrust Bank, Inc.,* by U.S. Mail or process server this 8th day of November 2017 to:

SunTrust Bank
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301

/s/ *Sean E. McEleney*
Attorney

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LYNN HAYDEN,
an individual,

       Plaintiff,

v.

       Case No.: 17-008976-CO

SUNTRUST BANK,
a foreign for-profit corporation,

       Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO DEFENDANT, SUNTRUST BANK

    Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, LYNN HAYDEN (hereinafter, "Plaintiff"), requests that Defendant, SUNTRUST BANK (hereinafter, "Defendant"), produce, within forty-five (45) days, the documents herein described and permit Plaintiff's attorneys to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff, LeavenLaw, 3900 First Street North, Suite 100, St. Petersburg, FL 33703, or at such office of Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

    Plaintiff further requests that this inspection be permitted by Plaintiff immediately after Defendant's response to this request has been filed, and that Plaintiff's attorneys be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiff's attorneys will be responsible for these documents so long as they are

1

**EXHIBIT "D"**

in their possession, that copying will be done at Plaintiff's expense, and that the documents will be promptly returned immediately after completing all copying.

This request is intended to cover all documents in possession of Defendant, or subject to its custody and control, regardless of location.

As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including, but without limitation to: correspondence; memoranda; stenographic or handwritten notes; studies; publications; books; pamphlets; pictures; films; voice recordings; electronic mail (i.e., e-mail); reports; surveys; minutes or statistical compilations; data processing cards or computer records; files; disks; or tapes or print-outs; agreements; communications; state and federal governmental hearings; and reports; correspondence; telegrams; memoranda; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; graphs; reports; notebooks; note charts; plans; drawings; sketches; maps; summaries or records of meetings or conferences; summaries or reports of investigations or negotiations; opinions or reports of consultants; photographs; motion picture film; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; any marginal comments appearing on any document; and all other writings.

## INSTRUCTIONS AND DEFINITIONS

A.      If you interpose an objection to providing the requested information please set forth the following:

1.      The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

2. If your objection is based upon the work product doctrine, set forth the following information:

    a. Whether or not the requested information exists and the general nature of such items (e.g., tape recording of Plaintiff, video);

    b. Identify the individuals who have possession of the requested information; and

    c. The date the requested information or items were created and the date same was obtained by you.

3. Provide any and all information or items which fall within the scope of the request and against which no objection is asserted or applicable.

B. If no date or time is specified for a request, assume it to be a period beginning four years prior to the date and time of the earliest incident alleged in the Complaint, running up through the date of the filing of the Complaint.

C. "Defendant" refers to SunTrust Bank, or any person acting on its behalf, including, but not limited to employees, agents, representatives, and Defendant's legal counsel.

D. "Plaintiff" refers to Lynn Hayden, as referenced and defined in the Complaint that was filed in the above-styled matter.

E. "Complaint" refers to the Complaint filed in the above-styled matter.

F. "Debt" shall mean or refer to an alleged balance due for a consumer credit card, referenced by Defendant's account number ending in −3029, and as referenced and defined in the Complaint.

G. "FCCPA" is the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes.

H.    "TCPA" is the Telephone Consumer Protection Act, 47 United States Code, Section 227(b) et seq., implementing regulations 47 Code of Federal Regulations, Section 64.1200, and all valid FCC opinions interpreting such.

I.    "Automatic Telephone Dialing System" or "ATDS" is defined in the TCPA at Section 227(a)(1) as equipment which has the capacity–"(1) to store or produce telephone numbers to be called, using a random or sequential number generator; and (2) to dial such numbers."

J.    "Predictive Telephone Dialing System" or "PTDS" means hardware, which, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

K.    "Cellular Telephone" means Plaintiff's cellular telephone with assigned telephone number 727-XXX-9062.

L.    "Undersigned Counsel" shall refer to Leavengood, Dauval, Boyle & Meyer, P.A., d/b/a LeavenLaw.

## REQUESTS FOR PRODUCTION

Please produce the following:

1.    All documents relating to the Debt and Defendant's collection thereof from the date of the account opening to the present.

2.    All documents relating to Plaintiff or which is indexed, filed or retrievable under Plaintiff's name, telephone number, or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

3.    All records—written, audible or otherwise—of outgoing calls made by Defendant to Plaintiff using either an ATDS, a PTDS, or equipment with the capacity to dial telephone numbers without human intervention between April 25, 2017 and the present.

4.    All records—written, audible or otherwise—of outgoing calls made by Defendant to Plaintiff between April 25, 2017 and the present.

5.    All manuals, communications and other documents relating to telephony hardware, software and other telephone equipment Defendant used to call Plaintiff.

6.    All documents that discuss or relate to Defendant's policies or procedures associated with making telephone calls to customers' cellular phones, including, but not limited to: use of an ATDS; PTDS; or equipment with the capacity to dial telephone numbers without human intervention.

7.    All manuals, memoranda, instructions and other documents which discuss, describe, or set forth standards, criteria, guidelines, policies or procedures relating to the TCPA as they relate to making telephone calls.

8.    All manuals, memoranda, emails, data, instructions, and other documents setting forth Defendant's policies, procedures or practices relating to the collection of debts by means of telephone calls, including, but not limited to: the use of ATDS; PTDS; or equipment with the capacity to dial telephone numbers without human intervention.

9.    All documents (irrespective of date) relating to any judicial or administrative proceeding or any other claim against Defendant in which Defendant was accused of violating the FCCPA, the TCPA, any state statute regulating collection practices, or of committing a tort while engaging in collection activities, where the accusation concerns telephone calls to cellular telephones.

10.    All documents relating to the maintenance by Defendant of policies, practices, or procedures adapted to avoid calling persons who did not expressly consent, or revoked consent, to be called on their cellular telephones.

11.     All documents relating to Defendant's activities to collect the Debt, including phone logs.

12.     All form letters, enclosures, envelopes, memoranda, etc. used by Defendant in its efforts to collect the Debt allegedly owed by Plaintiff.

13.     A list of all employees engaged in the collection of the Discharged Debt, their positions, and responsibilities. Please provide both real first and last names as well as any aliases that may have been used to collect the Debt.

14.     A list of all Defendant's phone numbers potentially used by Defendant in the collection of the Debt Plaintiff allegedly owes Defendant and the name of Defendant's telecommunication service providers ("TSP"), their TSP account numbers, and their TSP contact information (i.e. name, address, and phone number).

15.     Any insurance policies covering Defendant for violations of the FCCPA and TCPA.

16.     All internal documents, memoranda, etc., of Defendant regarding the use of its collection notices and collection efforts.

17.     All documents sent to or received from Plaintiff.

18.     All documents sent to or received from Undersigned Counsel relating to Plaintiff or the Debt.

19.     All documents in Defendant's possession or control notifying Defendant of Undersigned Counsel's legal representation of Plaintiff with respect to the Debt.

20.     If Defendant contends Plaintiff consented to receive automatically dialed calls to his cellular telephones, then all documents evidencing such consent.

21.     All documents that Defendant reviewed or relied upon in answering the Interrogatories or Requests for Admissions Plaintiff directed to Defendant.

6

22.     All training material, including, but not limited to: video; audio tapes; manuals; quizzes; tests; presentations; and manuals used by or for Defendant and its employees regarding the FCCPA, the TCPA, or both.

23.     A list of all employees engaged in the collection of the Debt, their positions and responsibilities. Please provide both real first and last names as well as any aliases that may have been used to collect the Debt.

24.     All documents that support in any way whatsoever any of Defendant's affirmative defenses asserted in this lawsuit.

25.     All exhibits which Defendant proposes to introduce at trial.

This Request shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.

This Request shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.

Date: November 8, 2017

Respectfully submitted,

**LEAVENLAW**

*/s/ Sean E. McEleney*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sean E. McEleney, Esq., FBN 0125561**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
glercher@leavenlaw.com

7

smceleney@leavenlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I sent a copy of the foregoing *Plaintiff's First Request for Production of Documents Directed to Defendant, SunTrust Bank, Inc* by U.S. Mail or process server this 8th day of November 2017 to:

SunTrust Bank
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, FL 32301

/s/ *Sean E. McEleney*
Attorney

8

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LYNN HAYDEN,
an individual,

      Plaintiff,

v.

Case No.: 17-008976-CO

SUNTRUST BANK,
a foreign for-profit corporation.

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT, SUNTRUST BANK

Pursuant to Rule 1.340(e), Florida Rules of Civil Procedure, Plaintiff, LYNN HAYDEN, hereby files this Notice of Service of the original and one copy of Plaintiff's First Set of Interrogatories to Defendant, SUNTRUST BANK, numbered 1 through 18, upon Defendant who is required within forty-five (45) days after service hereof, to answer the same in writing.

      Respectfully submitted,

      **LEAVENLAW**

      */s/ Sean E. McEleney*
      □ **Ian R. Leavengood, Esq., FBN 0010167**
      □ **Gregory H. Lercher, Esq., FBN 0106991**
      [X] **Sean E. McEleney, Esq., FBN 0125561**
      Northeast Professional Center
      3900 First Street North, Suite 100
      St. Petersburg, FL 33703
      Phone: (727) 327-3328
      Fax: (727) 327-3305
      consumerservice@leavenlaw.com
      glercher@leavenlaw.com
      smceleney@leavenlaw.com
      *Attorneys for Plaintiff*

1

**EXHIBIT "E"**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I sent a copy and an original of the foregoing *Plaintiff's First*

*Set of Interrogatories to Defendant, SunTrust Bank Inc.,* by U.S. Mail or process server this 8th

day of November 2017 to:

> SunTrust Bank
> c/o Corporation Service Company, Registered Agent
> 1201 Hays Street
> Tallahassee, FL 32301

> /s/ Sean E. McEleney
> Attorney

**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

LYNN HAYDEN,
an individual,

        Case No.: 17-008976-CO

        Plaintiff,

v.

SUNTRUST BANK,
a foreign for-profit corporation.

        Defendant.

_____/

### PLAINTIFF'S FIRST SET OF
### INTERROGATORIES TO DEFENDANT, SUNTRUST BANK

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Plaintiff, LYNN HAYDEN (hereinafter, "Plaintiff"), by and through the undersigned counsel, propounds the following first set of written Interrogatories to Defendant, SUNTRUST BANK (hereinafter, "Defendant"), to be answered separately and in writing under oath within forty-five (45) days of the service hereof.

### INSTRUCTIONS AND DEFINITIONS

A.    In answering these Interrogatories, please furnish all information available, including information in the possession of Defendant's risk managers, collection supervisors, collections representatives, attorneys and investigators.

B.    If an Interrogatory cannot be answered in full, after exercising due diligence to secure the inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered questions.

C.    Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information

1

from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

D.     If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

E.     Each Interrogatory is considered continuing, and if Defendant obtains information which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

F.     The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to: contracts; documents; notes; rough drafts; inter-office memoranda; memoranda for the files; letters; research materials; correspondence; logs; diaries; forms; bank statements; tax returns; card files; books of account; journals; ledgers; invoices; diagrams; drawings; computer files; electronic mail (i.e., e-mail); records; documents; data; print-outs or tapes; reports; statistical computations; studies; graphs; charts; minutes; manuals; pamphlets; or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced; all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

G.     A request to identify a document is a request to state as applicable:

1.     The date of the document;

2

2.     The type of document;

3.     The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

4.     The name of the employer or principal whom the signers, addressers and preparers were representing;

5.     The present location of the document;

6.     The name and current business and home addresses of the present custodians of the original document, and any copies of it;

7.     A summary of the contents of the document; and

8.     If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

H.     If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

I.     If no date or time is specified, assume it to be beginning four years prior to the date and time of the earliest incident alleged in the Complaint running up through the date of the filing of the Complaint.

J.     "FCCPA" is the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes.

K.     "TCPA" is the Telephone Consumer Protection Act, Chapter 47, United States Code.

L.     "Automatic Telephone Dialing System" or "ATDS" is defined in the TCPA at Section 227(a)(1) as equipment which has the capacity to "(1) store or produce telephone numbers to be called, using a random and sequential number generator; and (2) to dial such numbers."

M.     "Predictive Telephone Dialing System" or "PTDS" shall mean hardware, which, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

N.     "APV" shall mean an artificial or pre-recorded voice.

O.     "Plaintiff" shall mean or refer to Lynn Hayden.

P.     "Cellular Telephone" shall mean or refer to Plaintiff's cellular telephone with the assigned telephone number 727-XXX-9062.

Q.     "Defendant" shall mean or refer to SunTrust Bank, or any person acting on its behalf, including, but not limited to employees, agents, representatives, and Defendant's legal counsel.

R.     "Debt" shall mean or refer to an alleged balance due for a consumer credit card, referenced by Defendant's account number ending in –3029, and as referenced and defined in the Complaint.

S.     "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

T.     "Undersigned Counsel" shall mean or refer to Plaintiff's counsel, Leavengood, Dauval, Boyle & Meyer, P.A.

U.     "Complaint" shall refer to the Complaint filed in the above-styled manner.

4

## INTERROGATORIES

1.     State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s), representative(s) or agent(s) answering or providing any information used to answer each Interrogatory.

**Answer:**

2.     State the name, title, address and job description of each director, partner, shareholder, employee, officer, and/or manager of Defendant who authorized, approved, or was aware of the billing statements sent and calls made to Plaintiff.

**Answer:**

3.     State the names, aliases, job titles, business addresses, home addresses, telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees:

   a.     who contacted Plaintiff or another person regarding this Debt; and

   **Answer:**

   b.     who have left your employ within the last two years.

   **Answer:**

4.      State the names, aliases, job titles, business addresses, home addresses, telephone numbers, date of initial employment of all current employees who collected or attempted to collect the Debt from Plaintiff.

**Answer:**

5.      Does Defendant provide training to new employees involved in the collection of consumer accounts?

      a.      If so, describe the training content, timing and duration.

**Answer:**

      b.      If so, please identify by name and describe all documents, manuals, policy letters, seminar materials, computer programs, e-mail and audio or visual materials used in such training.

**Answer:**

      c.      If so, identify each person involved in providing such training.

**Answer:**

6.    Please identify by name and describe any documents, manuals or logs used to record or establish Defendant's methods or techniques to be used in the collection of consumer accounts.

**Answer:**

7.    Please identify by name and describe any system(s) Defendant maintains or operates to record its employees' contacts with consumers or third parties in connection with the collection of consumer accounts, and the name of any of Defendant's policies or procedure manuals for collecting consumer debts.

**Answer:**

8.    Please identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact with Plaintiff, made in connection with the collection of Plaintiff's account (i.e., the Debt).

**Answer:**

9.  Please identify each document, recording, and person furnishing information with regard to your response to the immediately preceding Interrogatory.

**Answer:**

10.  Please list and explain all abbreviations and codes, letters, numerals, or symbols regularly used by Defendant in its records or collection activities.

**Answer:**

11.  When was the earliest date and time Defendant, its employees or agents, received notice of Plaintiff's representation by legal counsel with respect to the Debt?

**Answer:**

12.    Identify all telephone numbers from which Defendant made telephone calls to Plaintiff.

**Answer:**

13.    Please identify by caption, court, civil action number and the result of all litigation filed within the last four years against Defendant alleging violations of the FCCPA and/or the TCPA.

**Answer:**

14.    If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each denial the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

**Answer:**

15. If Defendant contends that Plaintiff provided prior express consent to receive telephone calls using an Automatic Telephone Dialing System or a Predictive Telephone Dialing System on a cellular telephone, please explain with specificity the basis for such contention, including reference to all documentary evidence you contend supports such.

**Answer:**

16. Please identify all telephone numbers you dialed to reach Plaintiff, and explain how Defendant obtained each such telephone number.

**Answer:**

17. Please identify all telephonic equipment, including, but not limited to Automatic Telephone Dialing Systems or Predictive Telephone Dialing Systems, by model, supporting systems, and dates/time used that were used to make any telephone call to Plaintiff.

**Answer:**

18.     Please describe Defendant's procedures for removing a consumer's cellular phone number as a number to call once Defendant receives notice that the consumer no longer wants to receive calls to his or her cellular telephone using an ATDS.

**Answer:**

STATE OF _____

COUNTY OF _____

   BEFORE ME, the undersigned authority, personally appeared

_____, who is personally known to me, or who has produced

_____ as identification, who after by me first duly sworn, deposes

and says that she executed the above and foregoing answers to interrogatories and that said answers

are true and correct.

   SWORN TO AND SUBSCRIBED before me this _____ day of _____,

2017.

          _____

          (Signature)

          _____

          (Printed name)

          My commission expires:

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lynn Hayden | SunTrust Bank |

| (b) County of Residence of First Listed Plaintiff **Pinellas County** | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Sean E. McEleney, Esq. | Alexandra de Alejo, Esq |
| LEAVENLAW | |
| 3900 First Street North, Suite 100, St. Petersburg, FL, 33703 | |
| Phone: (727) 327-3328 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227, et seq. ("TCPA")
Brief description of cause:
Plaintiff seeks damages under TCPA and FCCPA for alleged debt collection activities

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*  JUDGE _____  DOCKET NUMBER _____

DATE 12/5/2017  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

JS 44 Reverse (Rev. 11/15)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.